**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

REYNA MENDOZA-HARO,

    Defendant - Appellant.

Nos. 15-1276 & 16-1023
(D.C. No. 1:12-CR-00242-WJM-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

The dispute before us is a narrow one and comes to us this way. Reyna Mendoza-Haro pleaded guilty to federal drug charges involving the distribution of methamphetamine. Because of her substantial assistance to the government the district court issued a below-guidelines sentence. Some time later Ms. Mendoza-Haro filed a motion under 18 U.S.C. § 3582(c)(2) seeking a further reduction in her sentence. The district court granted relief only in part. Ms. Mendoza-Haro

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

then filed a motion for reconsideration but the district court denied that motion. It is only that last ruling now before us.

Even when it comes to that ruling we face but one question. Because of concessions by both sides at oral argument the only issue remaining for us to resolve is whether the district court premised its decision to deny relief on a legal error. Ms. Mendoza-Haro suggests that the district court's ruling exhibits an erroneous belief that it lacked the lawful power to consider post-sentencing conduct when entertaining a § 3582(c)(2) motion.

We don't see it that way. This court presumes that district courts are aware of the sentencing discretion the law affords them. *See, e.g.*, *United States v. Fonseca*, 473 F.3d 1109, 1112 (10th Cir. 2007). And Ms. Mendoza-Haro fails to give us reason to depart from that presumption in this case. After "commend[ing]" Ms. Mendoza-Haro's post-sentencing rehabilitative efforts, the district court proceeded to explain that it was

> not persuaded to modify its analysis as stated in the Reduction Order. The Court previously found that, given Defendant's central role and involvement in the underlying conspiracy, a proportional reduction of the sentence from the former guideline sentencing range to the amended one was inappropriate in this case because it would not "result in a revised sentence which comports with the statutory sentencing factors set out in § 3553(a)." Nothing in either the Motion for Reconsideration or the Motion for Indicative Ruling provide a basis to alter this finding, nor does it provide cause to find that a "substantial issue" has been raised under Rule 37(a)(3).

Far from disregarding Ms. Mendoza-Haro's post-sentencing conduct, the court praised her for it. The court then proceeded to explain its view that those efforts, while commendable, were not enough to "persuade[]" it to "modify" its previous sentence given the seriousness of Ms. Mendoza-Haro's crime. All this is consistent with a court aware of its power to alter a sentence but unconvinced by the arguments offered for doing so. Nothing here compels the conclusion that the court considered itself legally disabled from considering Ms. Mendoza-Haro's post-sentencing rehabilitative efforts. Our presumption that the district court knows and follows the law stands and the judgment is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge